IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

FILED
MAY 02 2018
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 18-CR-200-20 |
| ) | |
| TIMOTHY A. COSMAN, ) | Title 18, United States Code, |
| ) | Sections 1344 and 2. |
| Defendant. ) | |

**INDICTMENT**

**COUNT ONE**
**(Bank Fraud)**

THE GRAND JURY CHARGES:

1. From about February 2014, and continuing to about April 2016, in the Central District of Illinois, and elsewhere,

**TIMOTHY A. COSMAN,**

defendant herein, knowingly executed a scheme to defraud Busey Bank, a financial institution whose deposits were then insured by the Federal Deposit Insurance Corporation, and to obtain moneys and funds from the bank by false and fraudulent pretenses, representations, and promises.

2. Around February 2014, the defendant obtained a line of credit (loan 17415) from Busey Bank, headquartered in Champaign County, Illinois, for $4,000,000. Loan 17415 was to be used for the defendant's farming business.

3. Around February 2014, the defendant also obtained from Busey Bank a $1,480,000 business loan (loan 17420) to be used for the purpose of refinancing farm equipment.

4. In April and May 2014, the defendant obtained additional business loans from Busey Bank. One loan (loan 17775) was in the amount of $650,000 and extended to the defendant for the purpose of refinancing farm land, a second loan (loan 17780) was in the amount of $315,000 and extended to the defendant for the purpose of refinancing farm land, and a third loan (loan 18120) was in the amount of $66,000 and extended to the defendant for the purpose of purchasing a truck.

5. In July 2014, Busey Bank requested the defendant submit information regarding the defendant's finances in order to ensure that the defendant had sufficient collateral to secure the defendant's loans. The defendant presented to Busey Bank balance sheets explaining the defendant's assets and liabilities as of December 26, 2013.

6. In December 2014, the defendant obtained from Busey Bank a $129,500 business loan (loan 17785) to be used for the purpose of refinancing farm property.

7. In March 2015, the defendant obtained additional business loans from Busey Bank. On March 6, 2015, the defendant obtained loan 17415 in the amount of $4,250,000 to replace the previous loan 17415. On March 16, 2015, the defendant obtained loan 20375 in the amount of $475,000 for the purpose of purchasing cattle. On March 19, 2015, the defendant obtained loan 17415 in the amount of $5,000,000 to replace the previous loan 17415 extended on March 6, 2015. On March 30, 2015, the

defendant obtained loan 20400 in the amount of $835,000 for the purpose of refinancing farm property.

**The False Representations and the Scheme to Defraud**

8.  As part of the scheme to defraud, and to obtain business loans from Busey Bank, the defendant represented to Busey Bank that the defendant had sufficient collateral to secure the loans. The defendant's representations as to the defendant's assets and the purpose of his loans were material in that Busey Bank was influenced by the defendant's representations when lending money to the defendant.

9.  As part of the scheme to defraud Busey Bank and obtain money from the business loans, the defendant falsely stated in the December 26, 2013, AG Balance Sheet submitted to Busey Bank in July 2014 that the defendant owned a 20 percent ownership of Cosman Farms, LLC, valued at $2,000,000; a 20 percent ownership of Cosman Family Limited Partnership, valued at $1,000,000; and an itemized list of farming machinery, equipment, and trucks; when in fact the value of the defendant's ownership in these companies was substantially below the amount represented in the balance sheet and when in fact the defendant did not own every item listed as the defendant's farming machinery, equipment, and trucks.

10. As further part of the scheme, to defraud Busey Bank and obtain money from the business loans, the defendant falsely stated in the December 30, 2014, AG Balance Sheet submitted to Busey Bank in March 2015, that the defendant owned a 20 percent ownership of Cosman Farms, LLC, valued at $2,106,000; a 20 percent ownership of Cosman Family Limited Partnership, valued at $1,197,000; and an itemized list of

farming machinery, equipment, and trucks; when in fact the value of the defendant's ownership in these companies was substantially below the amount represented in the balance sheet and when in fact the defendant did not own every item listed as the defendant's farming machinery, equipment, and trucks.

11. As further part of the scheme, to defraud Busey Bank and obtain money from the business loans, the defendant falsely stated in the December 30, 2014, AG Balance Sheet submitted to Busey Bank in March 2015, that the defendant was the beneficiary of a promissory note worth $1,500,000 promised by the defendant's father, when in fact the defendant's father never executed such a promissory note.

12. In 2015 Busey Bank attempted to secure repayment for its outstanding loans by requiring the defendant to receive checks payable to both the defendant and Busey Bank when collecting the proceeds from harvested crops. The defendant undermined Busey Bank's attempt to collect repayment via this requirement by forging the signature of a Busey Bank employee on the endorsements of checks received from proceeds of harvested crops.

13. As further part of the scheme to defraud, the defendant attempted to do the foregoing without detection by Busey Bank or law enforcement authorities.

14. As a result of the defendant's scheme to defraud and fraudulent representations, the defendant exposed Busey Bank to a loss of approximately $2,963,841.54.

**Execution of the Scheme**

15. In approximately March 2015, in the Central District of Illinois, and elsewhere,

**TIMOTHY A. COSMAN,**

defendant herein, for the purpose of executing the scheme to defraud Busey Bank, and to obtain moneys and funds from the bank, did knowingly cause to be submitted to the bank an AG Balance Sheet stating that the defendant owned a 20 percent ownership of Cosman Farms, LLC, valued at $2,106,000; a 20 percent ownership of Cosman Family Limited Partnership, valued at $1,197,000; and an itemized list of farming machinery, equipment, and trucks; when the defendant knew full well that value of the defendant's ownership in these companies was substantially below the amount represented in the balance sheet and the defendant did not own items listed as the defendant's farming machinery, equipment, and trucks.

In violation of Title 18, United States Code, Section 1344.

## COUNT TWO
## (Bank Fraud)

THE GRAND JURY CHARGES:

1. The Grand Jury re-alleges and incorporates by reference Paragraphs 1 through 14 of Count One of this Indictment as though fully set forth herein.

**Execution of the Scheme**

2. About December 2014, in the Central District of Illinois, and elsewhere,

**TIMOTHY A. COSMAN,**

defendant herein, for the purpose of executing the scheme to defraud Busey Bank, and to obtain moneys and funds from the bank, did knowingly cause to be submitted to the bank a promissory note purported to be owed to the defendant in the amount of $1,562,335 executed by the defendant's father, when the defendant knew full well that the defendant's father never executed said promissory note.

In violation of Title 18, United States Code, Section 1344.

## COUNT THREE
### (Bank Fraud)

THE GRAND JURY CHARGES:

1. The Grand Jury re-alleges and incorporates by reference Paragraphs 1 through 14 of Count One of this Indictment as though fully set forth herein.

**Execution of the Scheme**

2. About March 2015, in the Central District of Illinois, and elsewhere,

**TIMOTHY A. COSMAN,**

defendant herein, for the purpose of executing the scheme to defraud Busey Bank, and to obtain moneys and funds from the bank, did knowingly cause to be submitted to the bank documents purported to show that the defendant purchased cattle in accordance with the terms of loan 20375, when the defendant knew full well that the documents were false and the defendant did not use proceeds from loan 20375 to purchase cattle.

In violation of Title 18, United States Code, Section 1344.

A TRUE BILL.
s/Foreperson

FOREPERSON

s/Gregory Harris

JOHN E. CHILDRESS
United States Attorney

RF